UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO DIVISION

| | |
|---|---|
| MARIA GALLAGHER, Individually, | : |
| Plaintiff, | : |
| vs. | : Case No.: 3:20-cv-2725 |
| HERITZ L.L.C., an Ohio Limited Liability Company, | : |
| Defendant. | : |

**COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff, MARIA GALLAGHER, on her behalf and on behalf of all other individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, HERITZ L.L.C., an Ohio Limited Liability Company, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"), and injunctive relief, damages, attorney's fees, litigation expenses, and costs pursuant to Ohio Disability Discrimination Law, O.R.C. § 4112.01, et seq.

**COUNT I
VIOLATION OF TITLE III OF THE
AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181 et seq.**

1. Plaintiff, Maria Gallagher, is an individual residing in West Palm Beach, FL, in the county of Palm Beach.

2. Defendant's property, Quality Inn (OH435), is located at 3560 Secor Rd., Toledo, OH 43606, in Lucas County.

3. Venue is properly located in the Northern District of Ohio because venue lies in the

judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. The Court has supplemental jurisdiction over the State Law Claim, pursuant to 28 U.S.C. 1367.

5. Plaintiff, MARIA GALLAGHER is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Because of the condition of her hip, chronic right trochanteric bursitis, she gets around when going short distances, by the use of a walker or a cane; while going longer distances, she gets around through the use of a wheelchair.

6. Ms. Gallagher goes to Toledo, Ohio, and the surrounding suburbs approx four (4) times per year, with her husband, Robert Gallagher who has three (3) sisters living in the area, two of whom live in Toledo, Ohio, and one who lives in Perrysburg, Ohio. Mrs. Gallagher definitely intends to return to the Toledo area in the near future, and would stay at the subject property, if the property is made accessible. Mrs. Gallagher expects to visit the Toledo area even more often, as one of her husband's sisters is seriously ill.

7. Mrs. Gallagher stayed at the Quality Inn (OH435) on October 10-11, 2020, and plans to return to the subject property in the near future to avail herself of the goods and services offered to the public at the property, when the hotel is made accessible for her use.

8. Defendant owns, leases, (or leases to), or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Quality Inn

(OH435) and is located at 3560 Secor Rd., Toledo, OH 43606.

9. Maria Gallagher has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Maria Gallagher desires to visit Quality Inn (OH435) not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10. The Defendant has discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, <u>inter alia</u>, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Quality Inn (OH435) has shown that violations exist. These violations, which Maria Gallagher encountered or observed, include, but are not limited to:

**Accessible Routes**

A. There is no accessible route of travel from the public way making it difficult for the Plaintiff to traverse, in violation of Section 206.2.1 in the 2010 ADA Standards, whose resolution is readily achievable.

B. There is not a compliant path of travel connecting the accessible parking spaces to the accessible entrance due to the curb ramp at the end of the access aisle does not provide a level landing making it difficult for the Plaintiff to traverse on the accessible route, in violation of Section 406.4 of the 2010 ADA Standards, whose resolution is readily achievable.

**Parking**

A. The accessible parking space identification sign does not meet the minimum requirement of being at least 60 inches above the ground as required, in violation of Section 502.6 in the 2010 ADA Standards, whose resolution is readily achievable.

B. The accessible parking space has stripping and markings that are dilapidated and are in need of repair making it difficult for the Plaintiff to locate, in violation of Section 502.3.3 in the 2010 ADA Standards, whose resolution is readily achievable.

C. The service counter is too high making it difficult for the Plaintiff to utilize, in violation of Sections 305, 904.4.1, and 904.4.2 in the 2010 ADA Standards, whose resolution is readily achievable.

D. There is no knee and toe clearance provided at the public dining area making it difficult for the Plaintiff to use, in violation of Sections 306.2 and 306.3 in the 2010 ADA Standards, whose resolution is readily achievable.

E. The emergency exit door requires tight grasping and twisting at the wrist to operate making it difficult for the Plaintiff to utilize, in violation of Section 309.4 in the 2010 ADA Standards, whose resolution is readily achievable.

**Guest Room 114**

A. The flush control is not located on the wide side of the water closet as required making it difficult for the Plaintiff to flush, in violation of Section 604.6 in the 2010 ADA Standards, whose resolution is readily achievable.

B. The Plaintiff had to use caution when utilizing the lavatory due to the drain pipe and water lines being exposed, in violation of Section 606.5 in the 2010 ADA Standards, whose resolution is readily achievable.

C. The lavatory's clear floor space is obstructed by the trash can making it difficult for the Plaintiff to use, in violation of Sections 305, 306 and 606.2 in the 2010 ADA Standards, whose resolution is readily achievable.

D. The water closet is missing the rear wall grab making it difficult for the Plaintiff to utilize, in violation of Sections 604.5.2 and 609.4 in the 2010 ADA Standards, whose resolution is readily achievable.

E. The side wall grab bar does not extend at least 54 inches from the rear wall as required making it difficult for the Plaintiff to utilize, in violation of Section 604.5.1 in the 2010 ADA Standards, whose resolution is readily achievable.

  F. The toilet paper dispenser is not mounted 7-9 inches in front of the water closet as required making it difficult for the Plaintiff to use, in violation of Section 604.7 in the 2010 ADA Standards.

  G. The bathtub does not provide a fixed permanent seat as required making it difficult for the Plaintiff to use, in violation of Section 607.3 in the 2010 ADA Standards whose resolution is readily achievable.

  H. The bathtubs back wall grab bars are not compliant making it difficult for the Plaintiff to use, in violation of Sections 607.4.2 and 607.4.2.1 in the 2010 ADA Standards whose resolution is readily achievable.

  I. The bathtub has not been provided with a hand held shower spray unit with a non-positive shut/off making it difficult for the Plaintiff to use, in violation of Section 607.6 in the 2010 ADA Standards, whose resolution is readily achievable.

### Maintenance

  A. The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR § 36.211.

### Number and Disbursement of Rooms

  A. The subject hotel lacks the required number of compliant disabled rooms and the compliant disabled rooms are not dispersed amongst the various classes of guest rooms in violation of Section 224.5 of the 2010 ADAAG.

12. All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines, and the 2010 ADA Standards for Accessible Design (ADAAG), as promulgated by the U.S. Department of Justice.

13. The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been

discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

14. Defendant has discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

15. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

16. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

17. Defendant is required to remove the existing architectural barriers to the physically

disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

18. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

19. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Quality Inn (OH435) to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

### COUNT II
### VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
### O.R.C. § 4112.01 et seq.

20. Plaintiff restates the allegations of paragraphs 1-16 as if fully rewritten here.

21. The Defendant's property, Quality Inn (OH435), and the businesses therein, are "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

7

22. Defendant has committed an unlawful act pursuant to O.R.C. § 4112.02(G) by denying Plaintiff full enjoyment of its accommodations, advantages, facilities, or privileges. Plaintiff Maria Gallagher has experienced extensive barriers to access at the Quality Inn (OH435) in the state of Ohio. The Defendant's acts are willful, severe and ongoing.

23. Pursuant to O.R.C. § 4112.99, Plaintiff is entitled to compensatory damages, and attorneys fees and costs, in an amount to be determined at trial, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

    d.      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

    e.      For Count II, compensatory damages, and attorneys fees and costs, in an amount to be determined, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

    f.      The court to enter an Order that shall further require the Defendant to maintain the required accessible features on an ongoing basis.

Respectfully submitted,

/s/    Owen B Dunn, Jr.
Owen B. Dunn, Jr., Esq., OH Bar No. 0074743
The Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
Telephone: (419) 241-9661
Facsimile: (419) 241-9737
E-mail: dunnlawoffice@sbcglobal.net

Lawrence A. Fuller, Esq., OH Bar No. 75793
Fuller, Fuller & Associates, P.A.
Co-Counsel for Plaintiff
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Telephone: (305) 891-5199
Facsimile: (305) 893-9505
E-mail: Lfuller@fullerfuller.com

Attorneys for Plaintiff